UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Frank J. Slavik, III            Case No. 08-66353
f/d/b/a F & C Construction,          Chapter 7
                                                  Hon. Marci B. McIvor
                 Debtor.
_____/

Astro Building Supplies, Inc.,

                 Plaintiff,

v.                                                           Adv. Pro. No. 08-5669

Frank J. Slavik, III
f/d/b/a F & C Construction,

                 Defendant.
_____/

## OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the parties' cross-Motions for Summary Judgment. The parties seek judgment on a two-count adversary complaint alleging that a debt owed to plaintiff Astro Building Supplies, Inc. is nondischargeable pursuant to 11 U.S.C. §523(a)(4)(defalcation in a fiduciary capacity)(Count I), or in the alternative, deny Debtor a discharge pursuant to 11 U.S.C. § 727(a)(3)(failure to keep records). At a hearing on March 16, 2010, the Court issued a bench Opinion Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment. This Opinion supplements the Court's prior opinion and is the official Opinion of the Court.

### I. Background

Plaintiff Astro Building Supplies, Inc. is a building supply company.

Defendant/debtor Frank Slavik operated a construction company which was engaged primarily in the repair and replacement of residential roofs. Plaintiff provided Defendant with material and supplies used in his roofing business from mid-2003 through mid-2007. The customer account statement shows that Plaintiff sent Defendant invoices and Defendant made payments. The payments did not necessarily correspond to a particular invoice but paid several invoices or partial invoices. There was a continuous exchange of invoices and payments until Defendant went out of business in 2007. At the time Defendant discontinued his business, he owed Plaintiff $77,774.31.

Plaintiff sued Defendant in state court for recovery of the money owed. While a copy of the state court complaint was not provided to this Court, the parties' briefs indicate that the complaint included several different legal theories including violations of the Michigan Builders Trust Fund Act.[1] A Stipulated Order Setting Aside Default Judgment and Entry of Consent Judgment was entered by the state court on July 30, 2008. The Consent Judgment awarded Plaintiff $79,180.58. The Consent Judgment does not indicate which legal theory gave rise to the damages.

Defendant filed a voluntary chapter 7 bankruptcy petition on October 28, 2008. Included on Debtor's schedule F (creditors holding unsecured nonpriority claims) is an $80,000 claim owed to Plaintiff by Defendant described as "2005-2006 open account for business inventory, parts and supplies".

---

[1] According to Defendant's Brief in Support of Motion for Summary Judgment, the state court complaint included seven legal theories: (1) Account Stated, (2) Action for the Price per MCL 440.2709, (3) Breach of Contract, (4) Violation of the Michigan Builders Trust Fund Act, (5) Unjust Enrichment, (6) Breach of Personal Guaranty, and (7) Conversion. (Defendant's Brief at 2).

Plaintiff filed the present adversary proceeding on December 18, 2008. The two-count complaint seeks to hold the amount Defendant owes to Plaintiff non-dischargeable pursuant to 11 U.S.C. § 523(a)(4)(defalcation in a fiduciary capacity, specifically, violations of the Michigan Builders Trust Fund Act) or in the alternative, deny Defendant a discharge entirely pursuant to 11 U.S.C. § 727(a)(3)(failure to keep records).

## II. Jurisdiction

Bankruptcy courts have jurisdiction over all cases under Title 11 and all core proceedings arising under Title 11 or arising in a case under Title 11. *See* 28 U.S.C. §§ 1334 and 157. Core proceedings include proceedings to determine dischargeability. 28 U.S.C. § 157(b)(2)(I).

## III. Standard for Summary Judgment

Fed. R. Civ. P. 56(c) governs motions for summary judgment. Fed. R. Civ. P. Is made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056(c). Summary judgment is only appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## IV. Analysis

### A. Nondischargeability Under 11 U.S.C. § 523(a)(4)

11 U.S.C. § 523(a)(4) excepts from discharge debts arising from defalcation in a

3

fiduciary capacity. In the present case, Plaintiff's Complaint alleges that Defendant had a fiduciary duty to Plaintiff under the Michigan Building Contract Fund Act (MCL 570.151 *et. seq.*)(commonly referred to as the "Michigan Builders Trust Fund Act" or hereinafter, "the Act")*.* Plaintiff contends that Defendant violated his fiduciary duty by failing to pay for building and/or roofing supplies delivered by Plaintiff over a four year period for use in Defendant's business. Plaintiff alleges that the violations of fiduciary duty render Defendant's obligations to Plaintiff non-dischargeable under § 523(a)(4) of the Bankruptcy Code.

Under the Michigan Building Contract Fund Act ("the Act"), a contractor doing business in Michigan is prohibited from retaining or using construction payments from a particular project until all laborers, subcontractors, and materialmen have been paid. *People v. Brown*, 610 N.W.2d 234, 237 (Mich. Ct. App. 2000). In particular, § 570.151 of the Act provides that:

> Sec. 1. In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a **trust fund**, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the **trustee** of all funds so paid to him for building construction purposes.

M.C.L.A. § 570.151 (emphasis added). As explained by the Court in *Behler-Young Co. v. Cousino (In re Cousino)*, 364 B.R. 289 (Bankr. N.D. Ohio 2006),

> The effect of this statute is to impose a trust, with the contractor operating as the trustee, upon the funds paid by any person in connection with a building contract. *Huizinga v. United States*, 68 F.3d 139, 144 (6th Cir. 1995). And from a purely legal standpoint, it is proper to equate a violation of the Michigan Builder's Trust Fund Act to that of an act of defalcation while acting in a fiduciary capacity as applied to § 523(a)(4).

4

*In re Cousino*, 361 B.R. at 293 (footnote omitted, emphasis added).

The prima facie elements of a civil cause of action brought under the Act include (1) the defendant is a contractor or subcontractor engaged in the building construction industry, (2) a person paid the contractor or subcontractor for labor or materials provided on a construction project, (3) the defendant retained or used those funds, or any part of those funds, (4) for any purpose other than to first pay laborers, subcontractors, and materialmen, (5) who were engaged by the defendant to perform labor or furnish material for the specific project. *DiPonio Constr. Co., Inc. v. Rosati Masonry Co., Inc.,* 631 N.W. 2d 59, 62 (Mich. App. 2001).

Stated differently, to prevail on a Michigan Builders Trust Fund claim, Plaintiff must establish that Defendant used supplies provided by Plaintiff in **specific** construction projects, that Defendant was **paid by his customers for the specific projects in which those supplies were used**, and that Defendant **failed to pass those payments** on to Plaintiffs. *See generally DiPonio Constr. Co., Inc.* 631 N.W.2d at 62-64*.* Once Plaintiff has established these elements, Plaintiff has established a *prima facie* case that a trust exists with regards to the disputed funds, and the burden shifts to the Defendant to prove that he did not defalcate funds received in trust. *Cappella v. Little (In re Little)*, 163 B.R. 497 (Bankr. E.D. Mich. 1994). Because the Act imposes a trust on specific funds, the law is clear that in order to establish the existence of a trust, both the project in which the supplies were used and the payments received by a defendant for those projects must be specifically identified. It is not the provision of supplies which creates the trust, it is the payment of funds on a project

5

which used the supplies which creates the trust.  *See Shafer Redi-Mix Inc. v. Craft*, 414 B.R. 165 (W.D. Mich. 2009)(wherein the court rejected plaintiff's theory that a trust under the Michigan Building Contract Fund Act is created by the delivery of building materials).

In the present case, the parties agree that Plaintiff purchased building supplies from Defendant between 2003 and 2007.  The customer history reports provided by Plaintiff disclose specific invoice numbers, dates, and amounts owed, along with a "running balance", but do not disclose any specific projects for which supplies were delivered.  Payments made by Defendant to Plaintiff on the "running balance" are also disclosed, but none of those payments identify a specific project or invoice to which the payment is tied.  Between 2003 and 2007, it appears that Plaintiff purchased $1,111,207.99 of materials.  The balance remaining on the account (after payments and other credits were posted) at the time the present motions were filed is $77,774.31.

Plaintiff proffers no evidence that Defendant received payments from customers on specific projects, and that those payments were held in trust to be passed on to Plaintiff.   The mere fact that Plaintiff is engaged in the business of supplying building materials does not, in and of itself, establish Plaintiff as a trust beneficiary under the Act.  As explained above, to become a trust beneficiary under the Act, a supplier or contractor must  provide building materials or labor on an identifiable project.  The payments arising from the identifiable project are the funds impressed with the trust under the Act.   An "open account", "line of credit", or other open-ended credit arrangement whereby a supplier delivers materials to a builder or contractor for use in whatever projects the builder undertakes, and payment is received from the ongoing

proceeds generated by the builder or contractor's business, rather than payments from specifically identified projects, does not create a fiduciary obligation between a supplier and a builder.

Plaintiff's reliance on a recent Sixth Circuit Court of Appeals decision, *In re Patel*, 565 F.3d 963 (6th Cir. 2009) is misplaced. In *Patel*, a company owned by Patel and his father built several homes in Pittsfield Township, Michigan. Plaintiff Shamrock Floor Covering Services supplied materials used in the construction of the homes. At some point during the construction process, Patel's company obtained refinancing. Patel's company notified Shamrock that Shamrock's outstanding bill would be paid from the proceeds of the refinancing. The refinancing took place and Shamrock was not paid. Patel filed for bankruptcy and Shamrock brought an action seeking to have the debt determined to be nondischargeable under 11 U.S.C. § 523(a)(4). The Court of Appeals reviewed the record and found that "Patel recklessly misallocated funds and failed to pay his subcontractors first." *Patel*, 565 F.3d at 970. The court held Patel's debt to Shamrock to be nondischargeable under 11 U.S.C. § 523(a)(4).

*Patel* is distinguishable from the instant case. *Patel* involved a supplier who supplied materials for a specific project (the homes in Pittsfield Township) to a builder, who was in the process of refinancing the project for which the goods had been supplied. Patel had assured the supplier that he would be paid from the refinancing proceeds. In the instant case, Plaintiff supplied goods to Defendant over a four year period of time. The customer account history and the affidavit of Amy Crawley, one of Plaintiff's employees, show that Plaintiff maintained a running balance of what was owed: Plaintiff sent out invoices, Defendant made payments. Payments made on a

7

running balance are not funds impressed with a trust.  Further, *Patel* suggests that something beyond mere negligence on the part of the builder is required in order to prove a breach of fiduciary duty.  While this Court is unwilling to opine on the distinctions between negligent conduct and reckless conduct,[2] the Court finds that in the context of a four year "open account" relationship in which several hundred invoices and payments were exchanged, Defendant's conduct does not constitute a breach of fiduciary duty.

Plaintiff has failed to establish, by a preponderance of the evidence, the existence of a trust.   Absent the identification of specific trust *res*, there is no violation of the Michigan Builders Trust Fund Act.  Defendant's Motion for Summary Judgment as to Count I of Plaintiff's Complaint is granted.  Plaintiff's Motion for Summary Judgment on Count I of its Complaint is denied.  Count I of the Complaint is dismissed.

**B. Discovery**

Plaintiff contends, in a separate motion seeking additional discovery, that Defendant has not provided all of the documents Plaintiff needs to establish its case.  Plaintiff's Motion is moot as a result of the Court's finding that Defendant is entitled to summary judgment on the issue of nondischargeability under 11 U.S.C. § 523(a)(4).  However, Plaintiff's discovery motion raises an issue regarding the scope of discovery which merits discussion.  Plaintiff contends that Defendant has not provided documents, specifically, check registers and customer files.  Plaintiff asserts that once Plaintiff

---

[2]The Court notes that generally, intent is *not* relevant to determining whether there is a violation of the Michigan Builders Trust Fund Act.  If a trust exists and a defendant spends the trust funds without paying laborers, materialmen and suppliers, the defendant has violated the Act regardless of his intent.

8

establishes that it is a supplier of building materials, the burden of proof shifts to Defendant to provide an accounting of supplies received, jobs performed, money received, and how that money was spent. Plaintiff's argument with regards to discovery fails for the same reason his § 523(a)(4) argument fails: Plaintiff has the initial burden of proving the existence of a trust relationship. Until Plaintiff demonstrates that Defendant received funds held in trust on a specific project for which Plaintiff supplied materials, Defendant is not required to account for how Defendant spent the general revenue that flowed into his business.

The court in *Shafer Redi-Mix* discussed the shifting burden of proof in a nondischargeability action under § 523(a)(4). This Court finds that discussion instructive in the context of the scope of discovery. The *Shafer* court noted that a plaintiff has to establish the existence of a fiduciary duty between the plaintiff and defendant before the burden shifts to a defendant to provide an accounting of how funds received as payment for a project were spent. In affirming the bankruptcy court, the district court stated:

> The bankruptcy court noted that Judge Spector, in his opinion in *Cappella v. Little (In re Little)*, 163 B.R. 497 (Bankr.E.D.Mich.1994), extensively and persuasively considered the burden of proof in an MBCFA non-dischargeable debt proceeding, 'assigning the burden of proof to the Debtor Defendant to account for the funds, but only after the Plaintiff has proven the existence of a trust relationship' (6/2/2008 Tr. 46). The court quoted Judge Spector's reasoning that 'it was appropriate to require the Debtor to account for trust funds and that doing so did not substantially undermine bankruptcy's fresh start policy because **in the first instance the beneficiary must, as a preliminary matter, establish that the Debtor did, in fact, receive funds in a fiduciary capacity**'( id.).
>
> The bankruptcy court concluded the following:
>
> [The] proofs in the present case show only that the Plaintiff delivered

> concrete and that the Defendant failed to pay for it. Significantly, I find there was no proof that the Defendant ever received any funds from any third party and the statute and the case law teach us that the funds delivered to the Defendant are the subject or res of the trust, not the goods delivered by the Plaintiff. As such, Plaintiff has failed to establish a crucial element of his case, or its case, that is to say the existence of a fiduciary relationship. The failure of proof on this crucial element renders all other disputes immaterial and **significantly, the burden never shifted to the Defendant to prove that he lived up to his statutory duties**. The Plaintiff never established the existence of a fiduciary duty. The judgment, then, will be for the Defendant of no cause of action.

*Shafer Redi-Mix*, 414 B.R. at 169 (emphasis added).

In order to satisfy its initial burden of proof, Plaintiff must establish the existence of a fiduciary duty, that is, Plaintiff must show that Defendant received funds from customers and that those funds were impressed with a trust for Plaintiff's benefit. For purposes of discovery, Defendant is not required to produce records of every project completed between 2003 and 2007 so that Plaintiff can then attempt to identify the projects in which its supplies were used and how payments on those projects were managed. To the contrary, Plaintiff must first identify the projects for which supplies were delivered and for which Defendant had been paid. Defendant would then be required to produce an accounting of how money collected on those projects was spent. Because Plaintiff cannot identify any specific project for which Defendant was holding funds in trust, Defendant need not produce an accounting.

Because Plaintiff has failed to establish the existence of a fiduciary relationship between Plaintiff and Defendant or the trust *res*, Plaintiff is not entitled to an accounting from Defendant.

### C. Denial of Discharge under 11 U.S.C. § 727(a)(3): Failure to Keep Records

10

Section 727(a) of the Bankruptcy Code provides that a debtor is entitled to a discharge unless one or more of twelve exceptions is met. Although exceptions to discharge are strictly construed (*See Rembert v. AT&T Universal Card Services, Inc.* (*In re Rembert*), 141 F.3d 277, 281 (6th Cir. 1998)), "a discharge in bankruptcy is a privilege, not a right, and should only inure to the benefit of the honest debtor." *Wazeter v. Michigan National Bank (In re Wazeter)*, 209 B.R. 222, 227 (W.D. Mich. 1997).

Section 727(a)(3) bars a debtor's discharge if:

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

11 U.S.C. § 727(a)(3).

The standard for denial of discharge under § 727(a)(3) was explained by the Court in *CM Temporary Services, Inc. V. Bailey (In re Bailey)*, 375 B.R. 410 (Bankr. S.D. Ohio 2007):

> Section 727(a)(3) has been interpreted to apply a shifting burden of proof. The Plaintiff must establish a prima facie case showing the Debtor failed to keep adequate records. *Grange Mut. Ins. Co. v. Benningfield (In re Benningfield)*, 109 B.R. 291, 293 (Bankr.S.D.Ohio 1989). For purposes of § 727(a)(3), the Plaintiff is not entitled to perfect, or even necessarily complete, records. Instead, the Debtor must provide the Plaintiff 'with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present.' *Turoczy Bonding Co. v. Strbac (In re Strbac)*, 235 B.R. 880, 882 (6th Cir. BAP 1999), *quoting Bay State Milling Co. v. Martin (In re Martin)*, 141 B.R. 986, 995 (Bankr.N.D.Ill.1992).

*In re Bailey*, 375 B.R. at 415.

In the present case, Plaintiff alleges that Defendant "intentionally and knowingly destroyed or allowed to be destroyed all or most of their significant financial records

11

including bank records and accounts receivable in violation of their affirmative duty to keep, maintain and protect these records contrary to section 727(a)(3)." (Complaint ¶ 19). 11 U.S.C. § 727(a)(3) bars a discharge where the information a debtor fails to provide prevents the trustee and creditors from obtaining a complete picture of a debtor's finances. It is unclear from Plaintiff's pleadings exactly what documents Plaintiff believes Defendant concealed, destroyed or mutilated, nor can Plaintiff explain how those documents would be relevant to a more accurate determination of Defendant's true financial condition.

The Court finds that Plaintiff has failed to establish a *prima facie* case that Defendant failed to keep adequate records in violation of 11 U.S.C. § 727(a)(3). Defendant had no duty to maintain specific project records documenting where specific supplies were delivered and how those supplies were paid for, because the relationship was an open account with no expectation by either party that supplies would be paid for with specific funds. Plaintiff's Motion for Summary Judgment on Count II is denied. Defendant's Motion for Summary Judgment on count II is granted. Count II of Plaintiff's Complaint is dismissed.

## V. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is denied

and Defendant's Motion for Summary Judgment is granted. Plaintiff's Complaint is dismissed in its entirety.

**Signed on March 26, 2010**

                                              **/s/ Marci B. McIvor**
                                              **Marci B. McIvor**
                                              **United States Bankruptcy Judge**

13

08-05669-mbm    Doc 50    Filed 03/26/10    Entered 03/26/10 14:07:35    Page 13 of 13